IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARILYN ELIZABETH  *
HOWARD, *et al.*,
 *
    Plaintiffs,
 *  Civil Action No. RDB-18-3296
    v.
 *
OCWEN LOAN
SERVICING, INC., *et al.*  *

    Defendant.  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

This case arises from protracted litigation surrounding the 1996 mortgage loan of *pro se* Plaintiffs Marilyn Elizabeth Howard ("Howard") and Roy Bostick ("Bostick") (collectively, "Plaintiffs"). They bring over a dozen causes of action against Defendants Ocwen Loan Servicing, LLC, U.S. Bank N.A., as Trustee for Salomon Mortgage Loan Trust Series 2003-CB1, and Does 1 through 100 inclusive (collectively, the "Defendants"). Now pending before this Court are three Motions: Defendants' Motion to Dismiss the Complaint with Prejudice (ECF No. 7); Defendants' Motion to Strike the Amended Complaint (ECF No. 21); and Plaintiffs' Response to that Motion, which they have captioned as follows: "Objection to Defendants Motion to Strike Plaintiffs 1st Amended Complaint for Accounting Damages, Other Relief, Plaintiffs Motion to Strike Defendants Dismissal of Plaintiffs Claims and Motion to Strike Defendants Opposition for Extension of Time" (hereinafter, "Plaintiffs' Motion to Strike") (ECF No. 23.) The Court has reviewed the parties' submissions and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). Plaintiffs' Amended Complaint

(ECF No. 20), construed as a Motion for Leave to File an Amended Complaint, is GRANTED and Defendants' Motion to Strike the Amended Complaint (ECF No. 21) is DENIED. The filing of the Amended Complaint renders moot the pending Motion to Dismiss. Accordingly, Defendants' Motion to Dismiss with Prejudice (ECF No. 7) is DENIED. Finally, Plaintiffs' Response and Motion to Strike (ECF No. 23) is DENIED.

In her Original Complaint, Plaintiff asserted fourteen federal and state law claims arising from the Defendants' alleged lending practices. Defendants responded with a 70-page (including exhibits) Motion to Dismiss (ECF No. 7). Subsequently, Plaintiff sought several extensions of time to file a response or reply to the Defendants' Motion. Mindful of Plaintiffs' *pro se* status and the difficulties attendant to responding to such a voluminous filing without the assistance of counsel, this Court repeatedly granted such extensions. (ECF Nos. 12, 14, 17.) On April 9, 2019, Plaintiffs filed a 94-page response to the Motion. (ECF No. 19.) On April 29, 2019, she filed an Amended Complaint. (ECF No. 20.) Defendants have moved to strike the amended complaint as untimely under Rule 15(a)(1)(B) or, alternatively, as futile.

**I.  Plaintiffs' Motion for Leave to Amend (ECF No. 20) and Defendants' Motion to Strike (ECF No. 21).**

Rule 15(a) governs the filing of amendments to pleadings. Under this Rule, a party is permitted to amend its pleading within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Following this twenty-one day time period, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rules

specify that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This "liberal rule" reinforces the "federal policy in favor of resolving cases on their merits instead of disposing them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). As noted by the United States Court of Appeals for the Fourth Circuit, Rule 15(a) ensures that the "plaintiff [is] given every opportunity to cure a formal defect in his pleading." *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir.1999) (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2d ed. 1990)). A court may deny leave to file an amended complaint only when the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, Plaintiffs' Amended Complaint is untimely under Rule 15(a)(1)(B), as it was filed more than twenty-one days after Defendants served the pending Motion to Dismiss under Rule 12(b)(6). Plaintiffs' Amended Complaint was untimely even under the forgiving filing extensions granted by this Court. Nevertheless, in light of Plaintiffs' *pro se* status, this Court construes the Amended Complaint as a Motion for Leave to File an Amended Complaint. The Amended Complaint appears to address some of the arguments raised in Defendants' Motion to Dismiss. Whereas previously Defendants moved to dismiss Howard's claim on grounds that she could not advance causes of action "on behalf of" Roy Bostick (*see* ECF No. 7-1 at 9-10), the amended pleading now clarifies that both Howard and Bostick are Plaintiffs in this action. The Amended Complaint also brings several new causes of action. In their Motion to Strike, Defendants generically claim that Plaintiffs' Amended Complaint is

3

futile, but do not supply additional argument on this point. Under these circumstances, Plaintiffs are permitted to file an Amended Complaint. Accordingly, Plaintiffs' Amended Complaint (ECF No. 20), construed as a Motion for Leave to File an Amended Complaint, is GRANTED and Defendant's Motion to Strike the Amended Complaint (ECF No. 21) is DENIED.

## II. Defendants' Motion to Dismiss with Prejudice (ECF No. 7).

The filing of an Amended Complaint typically renders moot pending motions to dismiss the original complaint. *Verderamo v. Mayor & City Council of Balt.*, 4 F. Supp. 3d 722, 724 n.3 (D. Md. 2014). As an exception to this rule, an amendment which addresses only limited issues raised in a prior Motion to Dismiss does not moot pending motions filed against an original complaint. *See Riston v. Klausmair*, RDB-17-3766, 2018 WL 4333752, at *5 (D. Md. Sept. 11, 2018) (holding that Amended Complaint only partially mooted pending motion to dismiss because the amendment merely withdrew a contested count and added a necessary party). In this case, Plaintiffs' Amended Complaint addresses issued raised by the Defendants in their Motion to Dismiss and adds new claims. Under these circumstances, the filing of Plaintiffs' Amended Complaint moots the Motion to Dismiss. Accordingly, Defendants' Motion to Dismiss (ECF No. 7) is DENIED AS MOOT.

## III. Plaintiffs' Motion to Strike (ECF No. 23).

Finally, Plaintiffs petition this Court to strike Defendants Motion in Opposition to Plaintiffs' Third Motion for Enlargement of Time to Respond to Defendants' Motion to Dismiss (ECF No. 18) and Defendant's Motion to Strike (ECF No. 21). This Court may strike

4

"an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). Such motions are "generally viewed with disfavor." *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). In this case, there is no basis for striking any portion of the Defendants' filings. Accordingly, Plaintiff's Motion to Strike (ECF No. 21) is DENIED.

For these reasons, it is HEREBY ORDERED this 30th day of September, 2019 that:

1. Plaintiffs' Amended Complaint (ECF No. 20), construed as a Motion for Leave to File an Amended Complaint, is GRANTED;

2. Defendants' Motion to Strike the First Amended Complaint (ECF No. 21) is DENIED;

3. Defendants' Motion to Dismiss the Complaint with Prejudice (ECF No. 7) is DENIED AS MOOT; and

4. Plaintiffs' Motion to Strike (ECF No. 23) is DENIED.

5. The Clerk of Court shall transmit a copy of this Order to counsel of record.

_____/s/_____
Richard D. Bennett
United States District Judge