IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARILYN ELIZABETH
HOWARD, et. al.

    Plaintiffs,

v.

OCWEN LOAN

SERVICING, INC., et. al.

    Defendants.

Civil Action No. RDB-18-3296

Reconsideration Motion

## MOTION TO RECONSIDER ORDER

I, Marilyn E. Howard, as pro se litigant, requests to have this Court reconsider its order it entered on April 13, 2020 and its amended order entered on April 14, 2020 (the "Orders") to close this matter for the following reasons:

1. This Court ruled in my favor in a Memorandum Order dated September 30, 2019 (the "Memorandum Order") and granting me a judgment in the amount of $4,000,000 and removal of defendant's lien against my property on September 30, 2019.

2. Defendants submitted a motion to dismiss this Court's Memorandum Order even though this Court denied Defendants' earlier motions with prejudice on or around October 15, 2019.

3. Defendants filed three consecutive Motions To Dismiss in November, 2018; April, 2019; and a Joint Motion to Dismiss with Motion To Strike in October, 2019.

4. Defendants also filed a Third Motion To Dismiss, which is in violation of FRCP 12 (g)(2), and barred by statute of limitations as of June, 2019. Defendants should have included in her April, 2019 Joint Motion To Dismiss and Motion To Strike any defense or objection at that time. Defendants should have been barred from filing another Motion to Dismiss at that time, and should not have been allowed to file another Motion to Dismiss four months later.

As per Rule 12 states below:

Rule 12 states, in part-
> (f) MOTION TO STRIKE. The court may strike from a pleading and insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> > (1) on its own; or
> > (2) on motion made by a party either before responding to the pleadings if a response is not allowed, within 21 days after being served with the pleading.
>
> (g) JOINING MOTIONS.
> > (1) *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.
> > (2) *Limitation on Further Motions.* Except as provided in; or
> > (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

5. Defendants' 12 (b)(6)(c) Motion Failure To State a Claim as her defense against me, was improper which is why the Court ruled in its Memorandum Order against Defendants. Therefore, Defendants' third successive Motion To Dismiss filed on October 15, 2019 should have been barred. (See, East Coast Test Prep LLC et.al. v. Allnurses.com, Inc. et.al., Civil No. 15-3705 (JRT/JSM), US Dist. Ct., Dist. of Minnesota, where the court denied defendants' motion to dismiss because it was their second motion to dismiss which was not permitted as an exception since it did not raise a subject-matter jurisdiction defense.)

6. Defendants' Motion To Dismiss is not an appropriate response under Rule 60 and did not meet the requirements for Relief from the Judgement or Memorandum Order. Defendants continued to violate Rules 8 (a), 9 (b) and 12 (b)(6) by filing their other Motions To Dismissal which this Court already ruled against. This Court subsequently ruled that my September, 2019 amended complaint met this Court's requirements.

7. Defendants did not send me the proper Certificate of Mailing of Motion To Dismiss, which violates Rule 5. I only learned of this Dismissal from a court notice form that did not include the Defendants' Motion To Dismiss. Whereby, I had to get a copy of Defendants' Motion to Dismiss from the Clerk's Office.

8. This Court then requested that I respond to Defendants' Motion To Dismiss within 17 days of its filing, which I did and submitted to this Court on October 19, 2019 (the "Response") but is not mandatory which is stated on courts own notice.

9. This Court decided to retract its Memorandum Order, grant Defendants' Motion To Dismiss after this Court denied it with prejudice, and rule against me during this

"COVID-19" pandemic (the "Pandemic") when Maryland courts are closed to the public.

10. When Governor Hogan issued a state of emergency order to "Stay At Home" due to the Pandemic on March 5, 2020, I was confined to my home as I have underlying health conditions and not able to transact any business outside of my home.

11. Since the courts were closed, it was not conceivable that this Court would make a ruling since this matter is one not of an emergent nature, such as a criminal or a domestic violence matter.

12. In addition, Governor put a halt to home foreclosures during this Pandemic, which is the underlying issue in this matter and would unrightfully remove the federal protection granted to me in the "Judgment In a Civil Action" attached hereto as **Exhibit A**.

13. I respectfully request that this Court to reconsider these Orders and allow me the opportunity to retain counsel as soon as Governor Hogan opens the courts to the public in order to respond to Defendants' Motion To Dismiss and seek a jury trial on the merits.

                        Respectfully submitted,

                        */s/ Marilyn E. Howard*
                        Marilyn E. Howard,
                        pro se litigant

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2020 a copy of this Motion to Reconsider was served on Defendants' counsel below, via first class mail:

Ms. Laurie B. Goon, Esq.
Duane Morris LLP
100 International Drive, Suite 700
Baltimore, MD 21202

/s/ *Marilyn E. Howard*
Marilyn E. Howard,
pro se litigant

## Exhibit A

**"Judgment in a Civil Action"**

AO 450 (Rev. 11/11) Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland ☑

Marilynn E. Howard )
*Plaintiff* )
v. ) Civil Action No. 1:18-cv-03296-RDB
Ocwen Loan Servicing/U. S. Bank, NA. )
*Defendant* )

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* Marilyn E. Howard recover from the defendant *(name)* Ocwen Loan Servicing, LP, U. S. Bank, NA, et al the amount of $4 Million dollars ($ _____ ), which includes prejudgment interest at the rate of _____ %, plus post judgment interest at the rate of _____ % per annum, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____ .

☑ other: GRANTING PLANTIFFS MARILYN E. HOWARD, ET. AL SUMMONS COMPLAINT IN THE AMOUNT OF 4 MILLION DOLLARS, REMOVAL OF LIEN FROM PROPERTY AT 4512 SPRING AVENUE HALETHORPE FOR FREE AND CLEAR TITLE TO THE HOME AT 4512 SPRING AVENUE, HALETHORPE, MD. 21227

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

☑ decided by Judge RICHARD D. BENNETT on a motion for MEMORANDUM ORDER GRANTING AMENDED COMPLAINT AGAINST OCWEN LOAN SERVICING, U. S. BANK, NA. ET. AL.

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*