IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARILYN ELIZABETH HOWARD, *et al.*, | * | |
| Plaintiffs, | * | |
| | | Civil Action No. RDB-18-3296 |
| v. | * | |
| OCWEN LOAN SERVICING, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On April 14, 2020, this Court entered its Amended Order (ECF No. 31), granting Defendants Ocwen Loan Servicing, Inc. and U.S. National Bank Association's ("Defendants") Motion to Dismiss the Amended Complaint with Prejudice. Now pending is *pro se* Plaintiff Marilyn Elizabeth Howard's ("Plaintiff" or "Howard") Motion to Reconsider. (ECF No. 33.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Howard's Motion to Reconsider (ECF No. 33) is DENIED.

### BACKGROUND

On October 25, 2018, Plaintiffs Howard and Roy Bostick (collectively, "Plaintiffs") filed a *pro se* Complaint in this Court against Defendants alleging 14 counts related to Plaintiffs' 1996 mortgage loan, which matured in 2011. (Compl., ECF No. 1.) Plaintiffs defaulted on their loan and are now subject to a foreclosure proceeding pending in the Circuit Court for Baltimore County, Maryland.

On November 28, 2018, Defendants filed their first motion to dismiss under Rules 8(a), 8(b), and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 7.) On April 9, Plaintiffs filed a response in opposition to Defendants' motion (ECF No. 19), and simultaneously filed an Amended Complaint without leave from this Court, asserting twenty (20) federal and state law claims related to their 1996 mortgage loan (ECF No. 20). On September 30, 2019, this Court granted Plaintiffs' leave to amend, denied Defendants' motion to dismiss as moot, and construed Plaintiffs' Amended Complaint as the operative Complaint. (ECF No. 24.)

On October 15, 2019, Defendants filed a Motion to Dismiss the Amended Complaint with Prejudice. (ECF No. 25.) The Plaintiffs received a Rule 12/56 Notice, advising them of their right to file a response to the Defendants' Motion to Dismiss within seventeen days, and if they did not file a written response, the Court would resolve the case based on the materials submitted by the Defendants. (ECF No. 26.) On October 31, 2019, Plaintiffs filed a letter that did not address Defendants' arguments for dismissal, but instead sought sanctions against Defendants' attorney for vexatious litigation in bringing the Motion to Dismiss. (ECF No. 27.) Accordingly, finding no merit to Plaintiffs' assertions, and Plaintiffs having failed to address Defendants' bases for dismissal, this Court granted Defendants' Motion to Dismiss the Amended Complaint with prejudice. (ECF No. 31.) Plaintiff Howard now seeks reconsideration of this Court's Order. (ECF No. 33.)

## STANDARD OF REVIEW

Howard does not cite under which Federal Rule of Civil Procedure she seeks reconsideration. Rule 59(e) authorizes a district court to alter, amend, or vacate a prior

judgment, while Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Howard filed her motion within 28 days of this Court's Order granting Defendants' Motion to Dismiss. Accordingly, Rule 59(e) governs this Court's analysis. *See, e.g., Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) ("Although Plaintiff purports to bring his motion for reconsideration under Rule 60(b)(1), because it was filed within twenty-eight days of entry of the underlying order, it is properly analyzed under Rule 59(e).")

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment[1] may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Panning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to

---

[1] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

## ANALYSIS

This Court recognizes that Plaintiff is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff has not met the high bar she faces to succeed on her Motion to Reconsider. There has been no intervening change in controlling law since this Court's Amended Order of April 14, 2020; no new evidence has come to light; and no clear error of law or manifest injustice has been identified in this Court's Amended Order. This Court granted Defendants' Motion to Dismiss because Plaintiff did not present any meritorious arguments against Defendants' numerous valid bases for dismissal. Instead, Plaintiff sought sanctions against Defendants' attorney for vexatious litigation in bringing the Motions to Dismiss. (ECF No. 27.)

Nor does Plaintiff's *pro se* status absolve her of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (*citing Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)). In her Motion to Reconsider, Plaintiff asserts unfounded claims, alleging that this Court issued a judgment in her favor in the amount of $4,000,000. (ECF No. 33 ¶ 12.) Plaintiff had filed a Motion for Judgment in a Civil Action on Plaintiff on October 31, 2019 (ECF No. 28), but this Court never granted that motion. In sum, Plaintiff has provided no clarification as to her

4

claims or newly discovered evidence in support thereof. Indeed, she does not state any reasons why the Amended Complaint should not have been dismissed for the reasons stated in Defendants' Motion to Dismiss.

Because Rule 59(e) does not permit a party to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment," *Pacific Ins. Co.*, 148 F.3d at 403, this Court concludes that Plaintiff has failed to meet her burden for the extraordinary remedy of reconsideration of a judgment after its entry.

## CONCLUSION

For the foregoing reasons, it is this 28th day of January, 2021, HEREBY ORDERED that:

1. Plaintiff's Motion to Reconsider (ECF No. 33) is DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Order to Counsel and to Plaintiff at her last known address.

_____/s/_____
Richard D. Bennett
United States District Judge